UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **WILLIAM H. DEMARCUS, III,** Individually and in his capacity as executor of William H. DeMarcus, Jr.'s estate<br><br>    Plaintiff,<br><br>V.<br><br>**HOMESTEADIDENCE OPCO, LLC d/b/a Homestead Post Acute,**<br><br>    Defendant. | CIVIL ACTION NO. 5:22-cv-32-KKC<br><br><u>**OPINION AND ORDER**</u> |

*** *** ***

Plaintiff DeMarcus filed this action alleging that defendant Homestead caused his father's death. Homestead moves to dismiss (R. 4) all of DeMarcus's claims. For the following reasons, the Court will grant the motion.

I.  Background

DeMarcus asserts all claims on his own behalf and on behalf of his father's estate. DeMarcus alleges that, beginning about December 4, 2020, his father resided at a nursing home operated by Homestead. DeMarcus's father died on February 1, 2021. DeMarcus asserts that Homestead's negligence, gross negligence, and malice caused his father's death. He also asserts a claim under six provisions of Ky. Rev. Stat. § 216.515, which sets forth 26 rights of nursing home residents. DeMarcus refers to this statute as the Nursing Home Patients' Bill of Rights. For clarity, the Court will do the same. Finally, DeMarcus asserts a breach of contract claim against Homestead. DeMarcus originally filed his action in Kentucky state court. Homestead removed the action to

this Court asserting that federal jurisdiction exists under 28 U.S.C. § 1332, which grants federal courts jurisdiction over civil actions between citizens of different states.

**II. Analysis**

Defendant Homestead argues that DeMarcus's claims must be dismissed because he failed to file a "certificate of merit" with the complaint. Kentucky requires that a claimant commencing any action "against a long-term-care facility. . . alleging that the long-term-care facility failed to provide proper care to one (1) or more residents of the facility, shall file a certificate of merit with the complaint in the court in which the action is commenced." Ky. Rev. Stat. Ann. § 411.167(1). There is no dispute that Homestead is a "long-term care facility" for purposes of this statute. Further, all of DeMarcus's claims assert that Homestead failed to provide proper care to a resident.

A certificate of merit is defined as an "affidavit or declaration that" states one of three things, only two of which are relevant here. First, subparagraph (a) of paragraph 2 of the statute provides that the affidavit or declaration can state that the claimant has consulted with at least one qualified expert and has concluded that "there is reasonable basis to commence the action." Ky. Rev. Stat. § 411.167(2)(a). Second, under subparagraph (b) of the statute, the affidavit or declaration can state that the claimant was unable to consult with an expert prior to filing the complaint as required by paragraph (a) because of time constraints posed by the statute of limitations. If the affidavit or declaration states this, then the claimant must file an affidavit that complies with subparagraph (a) "within sixty (60) days after service of the complaint or the suit shall be dismissed unless the court grants an extension for good cause." Ky. Rev. Stat. § 411.167(2)(b).

In response to the motion to dismiss, DeMarcus does not argue that the certificate-of-merit requirement does not apply in federal court.¹ Instead, he argues that he complied with subparagraph (b) of the statute because he filed a certificate of merit within 60 days after serving the complaint. DeMarcus filed his complaint on January 18, 2022. On March 3, 2022, after Homestead filed this motion to dismiss, DeMarcus's counsel filed an affidavit that states that he was unable to obtain the certificate of merit required by subparagraph (a) because of time constraints posed by the statute of limitations. Along with the affidavit, counsel also filed a document tiled "Certificate of Merit," which purports to comply with subparagraph (a) of § 411.167, stating that counsel consulted with a qualified expert who concluded that "there is reasonable basis to commence this action." (DE 5, Affidavit & Cert. of Merit.) There is no dispute, however, that DeMarcus did not file a certificate of merit *with the complaint*, as the statute requires. Ky. Rev. Stat. § 411.167(1).

Multiple state and federal courts have held that, pursuant to the plain language of the statute, a plaintiff's failure to file a certificate of merit with the complaint warrants dismissal of claims against a healthcare provider. *See, e.g., Evans v. Baptist Health Madisonville*, 643 S.W.3d 105, 108-09 (Ky. Ct. App. 2022); *Cleaver v. S. Health Partners, Inc.*, No. 3:21-CV-747-BJB-CHL, 2022 WL 1620626, at *3 (W.D. Ky. May 23, 2022); *McWhorter v. Baptist Healthcare Sys., Inc.*, No. 2021-CA-0844-MR, 2022 WL 1697666, at *1-2 (Ky. Ct. App. May 27, 2022); *Dumphord v. Gabriel*, No. CV 5:20-461-DCR, 2021 WL 3572658, at *6 (E.D. Ky. Aug. 12, 2021).

---

¹ The Sixth Circuit held that Ohio's similar affidavit-of-merit requirement did not apply to a medical malpractice claim brought pursuant to the Federal Tort Claims Act. *See Gallivan v. United States*, 943 F.3d 291, 293–94 (6th Cir. 2019). DeMarcus does not raise *Gallivan* or otherwise argue that the Kentucky certificate-of-merit requirement does not apply in federal court. Accordingly, he has waived the issue. *See Estate of Barnwell v. Grigsby*, 801 F. App'x 354, 361 n.4 (6th Cir. 2020); *Dumphord v. Gabriel*, No. CV 5:20-461-DCR, 2021 WL 3572658, at *6, n.7 (E.D. Ky. Aug. 12, 2021).

In *Evans*, the Kentucky Court of Appeals indicated that, to prevent dismissal, a plaintiff could file a motion to amend her complaint to attach the certificate. 643 S.W.3d at 109. In that case, however, the plaintiff did not seek leave to amend the complaint. Thus, the Kentucky Court of Appeals held, "we are compelled to conclude that her failure to comply with the clear requirements of KRS 411.167 warranted the trial court's decision to dismiss the action *without prejudice*." *Id*. Here also, Demarcus has not moved to amend his complaint to attach a certificate of merit. Nor has he indicated in his response an intention to do so.

The Kentucky Court of Appeals has also held that a plaintiff may move for an extension of time to file the certificate of merit. *Sanchez v. McMillin*, No. 2020-CA-0052-MR, 2022 WL 981843, at *5 (Ky. Ct. App. Apr. 1, 2022). Demarcus, however, did not move for an extension. Nor has he indicated in his response an intention to do so.

Accordingly, all of DeMarcus's claims must be dismissed at least *without* prejudice for failure to file a certificate of merit. *Evans*, 643 S.W.3d at 109 ("Therefore, we are compelled to conclude that her failure to comply with the clear requirements of KRS 411.167 warranted the trial court's decision to dismiss the action *without prejudice*.")

Homestead argues that DeMarcus's claims must also be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). "A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits, and is therefore done *with prejudice*." *Pratt v. Yentas, Inc.*, 365 F.3d 514, 523 (6th Cir. 2004) (internal quotations and citation omitted) (emphasis added). Accordingly, the Court will address Homestead's 12(b)(6) arguments to determine whether the claims should be dismissed with or without prejudice.

DeMarcus's claims under subsections 12, 18, 19, and 20 of the Nursing Home Patients' Bill of Rights must be dismissed pursuant to the Kentucky Supreme Court's decision in *Overstreet v.*

4

*Kindred Nursing Centers Limited Partnership*, 479 S.W.3d 69 (Ky. 2015). In *Overstreet*, the Kentucky Supreme Court ruled that, to the extent claims under the statute are based upon "the common law personal injury cause of action or a wrongful death claim," they survive the resident's death. *Id*. at 77. This is because Kentucky's statutes provide that, with certain inapplicable exceptions, actions for personal or property injury survive the death of the person injured. Ky. Rev. Stat. § 411.1140. To the extent, however, that the claims are based upon liabilities created by the Nursing Home Patients' Bill of Rights itself, they do not survive the resident's death under Section 411.140. *Id*. The Kentucky Supreme Court found that these provisions are "designed to enhance the quality of living conditions for nursing home residents" and "authorize court actions as needed to compel compliance . . . *during their lifetimes*." *Id*. (emphasis added).

In *Overstreet*, the Kentucky Supreme Court held that a claim under subsection 6 of the Nursing Home Patients' Bill of Rights "encompasses, in the context of a nursing home environment, the traditional common law duty to avoid negligently or intentionally injuring another person." *Id*. at 76. Thus, a claim under this subsection does not involve a liability created only by the statute, and it survives the death of the resident. *Id*. at 77. Subsection 6 provides, that "[a]ll residents shall be free from mental and physical abuse, and free from chemical and physical restraints except in emergencies or except as thoroughly justified in writing by a physician for a specified and limited period of time and documented in the resident's medical record." Ky. Rev. Stat. § 216.515(6).

However, the court found that claims under certain other subsections of the statute are not based upon common law. Instead, claims under these subsections are based on rights created by the statute itself. Thus, they do not survive the resident's death. *Id*. at 77-78. Pursuant to

*Overstreet,* these subsections include subsections 12 (resident's right to retain use of personal clothing), 18 (resident's right to be treated with consideration, respect and with full recognition of his dignity), 20 (resident's right to be suitably dressed and to assistance to maintain body hygiene), and 22 (right to have responsible third parties notified of anything unusual). *Id*. at 75-76.

Later, citing *Overstreet*, the Kentucky Court of Appeals held that a claim under subsection 19 (resident and guardian's right to be fully informed of medical condition) does not survive the resident's death because it was not related to personal or property damage. *Trilogy Healthcare of Fayette I, LLC v. Techau*, 605 S.W.3d 60, 67 (Ky. Ct. App. 2019).

In his response, with regard to his claims under § 216.515, DeMarcus argues only that his claim under subsection (6) survives his father's death. Thus, he concedes that his claims under subsections 12, 18, 19, 20, and 22 must be dismissed pursuant to *Overstreet* and *Trilogy*.

As to DeMarcus's breach-of-contract claim, it must also be dismissed with prejudice. This is because DeMarcus does not allege that the claim is based upon a written contract as required by KRS § 304.40-300. That statute provides:

> No malpractice liability shall be imposed upon any health care provider on the basis of an alleged breach of any guaranty, warranty, contract or assurance of results to be obtained from any procedure undertaken in the course of providing health care, *unless such guaranty, warranty, contract or assurance is in writing* and signed by the provider.

KRS 304.40-300 (emphasis added).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

6

of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007) (internal citations omitted). In order to survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and to nudge his claim "across the line from conceivable to plausible." *Id*. at 570.

In his response, DeMarcus does not clarify whether his breach of contract claim is based on a written contract. Instead, he argues that the parties can determine during discovery whether a written contract exists. In order to be plausible under Kentucky law, a claim that a healthcare provider breached a contract by providing substandard care must be based on a written contract. DeMarcus does not allege that any such contract exists. Nor does he ask for leave to amend his complaint to allege a written contract. Accordingly, his breach-of-contract claim must be dismissed for failure to state a claim. It is not appropriate for a court to order parties to proceed to discovery so that a plaintiff can find out after filing his claim whether it is plausible or not as DeMarcus requests. *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.*, 492 F. App'x 518, 522 (6th Cir. 2012).

DeMarcus also briefly argues that the statute prohibits breach of contract claims only if the claims are based on a "procedure." DeMarcus's reading of the statute is not entirely clear to the Court. The term "procedure" appears in the statute in the phrase "from any procedure undertaken in the course of providing healthcare." The only logical reading of the statute is that this phrase modifies the phrase directly preceding it, which is "results to be obtained." Moreover, this is the reading that comports with the "doctrine of the last antecedent," pursuant to which "relative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote, unless

such extension is clearly required by a consideration of the entire act." *Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet*, 133 S.W.3d 456, 465 (Ky. 2004), as modified (June 3, 2004) (quoting *Citizens' Telephone Co. v. City of Newport, Ky.*, 224 S.W. 187, 190 (1920)).

Thus, as the Kentucky Court of Appeals has stated, the statute provides "that no malpractice liability [based on a breach of contract] shall be imposed on a health care provider unless such 'contract' is in writing and signed by the provider." *Patel v. Game*, No. 2016-CA-000782-MR, 2017 WL 2889536, at *6 (Ky. Ct. App. July 7, 2017). Pursuant to the statute, the Court will dismiss DeMarcus's breach of contract claim with prejudice under Rule 12(b)(6).

The remaining claims that have thus far been dismissed only *without* prejudice are DeMarcus's negligence claims under common law in Count One and his claim under subsection 6 of the Nursing Home Bill of Rights. Homestead argues that it is immune from suit for these claims under state and federal statutes enacted in response to the COVID pandemic. The state COVID immunity statute provides, "Any essential service provider during the declared emergency of the COVID-19 pandemic shall not be liable for any COVID-19 claim." Ky. Rev. Stat. § 39A.275(8)(a). A "COVID-19 claim" is defined as "any claim or cause of action for an act or omission arising from COVID-19 that accrued on or after the date the emergency was declared on March 6, 2020, and until the emergency declaration is withdrawn, revoked, or lapses[.]" Ky. Rev. Stat. Ann. § 39A.275(1)(c). "Arising from COVID-19" is defined as "an injury or harm that allegedly occurred on or after the emergency was declared on March 6, 2020, and until the emergency declaration is withdrawn, revoked, or lapses, caused by or resulting from:

> 1. The actual, alleged, or possible exposure to, transmission of, or contraction of COVID-19;

> 2. Services, treatment, or other action performed to limit or prevent the spread of COVID-19; or
> 3. Services performed by an entity outside the normal course of its business in response to COVID-19[.]

Ky. Rev. Stat. Ann. § 39A.275(1)(a).

As the Court understands the complaint, DeMarcus asserts that his father died as the result of Homestead's negligent care, not from COVID-19. (R. 1-1, Complaint, ¶¶ 9, 14) He does not allege that Homestead's actions exposed his father to COVID or that any actions taken by Homestead in response to COVID caused his father's death. Accordingly, Homestead is not immune from DeMarcus's negligence claims under the state COVID immunity statute.

The federal COVID immunity statute relied on by Homestead is the Public Readiness and Emergency Preparedness Act of 2005, 42 U.S.C. §§ 247d-6d & 247d-6e (the "PREP Act"). In the Act, Congress protected certain covered entities against lawsuits during a public health emergency. In March 2020, the Secretary of the Department of Health and Human Services declared COVID-19 a public health emergency under the Act and recommended various countermeasures to prevent or mitigate the spread of COVID-19. *Declaration Under the PREP Act for Medical Countermeasures Against COVID-19*. 85 Fed. Reg. 15,198, 15,201 (Mar. 17, 2020).

After such a declaration, the PREP Act provides immunity for a covered person under federal and State law for all claims that relate to the use of authorized countermeasures. It provides that "a covered person shall be immune from suit and liability under Federal and State law" for "all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1).

The PREP Act defines a "covered countermeasures" as:

9

      (A) a qualified pandemic or epidemic product (as defined in paragraph (7));
      (B) a security countermeasure (as defined in section 247d-6b(c)(1)(B) of this title);
      (C) a drug (as such term is defined in section 201(g)(1) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. 321(g)(1)),2 biological product (as such term is defined by section 262(i) of this title), or device (as such term is defined by section 201(h) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. 321(h)) that is authorized for emergency use in accordance with section 564, 564A, or 564B of the Federal Food, Drug, and Cosmetic Act; or
      (D) a respiratory protective device that is approved by the National Institute for Occupational Safety and Health under part 84 of title 42, Code of Federal Regulations (or any successor regulations), and that the Secretary determines to be a priority for use during a public health emergency declared under section 247d of this title.

42 U.S.C.A. § 247d-6d(i)(1).

Again, the Court construes the complaint to assert that DeMarcus's father died as the result of Homestead's negligence, (R. 1-1, Complaint, ¶¶ 9, 14) not on the basis of any of the countermeasures set forth in the PREP Act. Accordingly, the Act does not prohibit DeMarcus's negligence claim against Homestead.

For all these reasons, the Court hereby ORDERS Homestead's motion to dismiss (R. 4) is GRANTED as follows:

1) DeMarcus's claims under subsections 12, 18, 19, 20, and 22 of Ky. Rev. Stat. § 216.515 (the "Nursing Home Patients' Bill of Rights") and his claim for breach of contract are DISMISSED with prejudice for failure to state a claim.

2) Count One and DeMarcus's claim under subsection 6 of the Nursing Home Patients' Bill of Rights are DISMISSED without prejudice for failure to file a certificate of merit as required by Ky. Rev. Stat. Ann. § 411.167(1).

This 29th day of August, 2022.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY