UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **WILLIAM H. DEMARCUS, III,** Individually and in his capacity as executor of William H. DeMarcus, Jr.'s estate<br><br>    Plaintiff,<br><br>V.<br><br>**HOMESTEADIDENCE OPCO, LLC d/b/a Homestead Post Acute,**<br><br>    Defendant. | CIVIL ACTION NO. 5:22-cv-32-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on the motions for reconsideration filed by both parties (DE 11, 12) pursuant to Federal Rule of Civil Procedure 59(e). For the following reasons, the Court will deny both motions.

### I. Background

Plaintiff William H. DeMarcus, III alleges that, beginning about December 4, 2020, his father resided at a nursing home operated by defendant Homesteadidence Opco, LLC ("Homestead"). DeMarcus's father died on February 1, 2021. In his complaint, DeMarcus alleged that Homestead's negligence, gross negligence, and malice caused his father's death. He also asserted a claim under six provisions of Ky. Rev. Stat. § 216.515, which sets forth 26 rights of nursing home residents. DeMarcus has referred to this statute as the Nursing Home Patients' Bill of Rights. For clarity, the Court will do the same. Finally, DeMarcus asserted a breach of contract claim against Homestead.

Defendant Homestead moved to dismiss all claims because DeMarcus failed to file a "certificate of merit" with the complaint. Kentucky requires that a claimant commencing any action "against a long-term-care facility. . . alleging that the long-term-care facility failed to provide proper care to one (1) or more residents of the facility, shall file a certificate of merit with the complaint in the court in which the action is commenced." Ky. Rev. Stat. § 411.167(1). There is no dispute that Homestead is a "long-term care facility" for purposes of this statute. Further, all of DeMarcus's claims assert that Homestead failed to provide proper care to a resident. Nor is there now any dispute that Homestead did not file a certificate of merit with his complaint as the statute requires.

A certificate of merit is defined as an "affidavit or declaration that" states one of three things, only two of which are relevant here.

First, subparagraph (a) of paragraph 2 of the statute provides that the affidavit or declaration can state that the claimant has consulted with at least one qualified expert and has concluded that "there is reasonable basis to commence the action." Ky. Rev. Stat. § 411.167(2)(a).

Second, under subparagraph (b) of paragraph 2, the affidavit or declaration can state that the claimant was unable to consult with an expert prior to filing the complaint as required by paragraph (a) because of time constraints posed by the statute of limitations. If the affidavit or declaration states this, then the claimant must file an affidavit that complies with subparagraph (a) "within sixty (60) days after service of the complaint or the suit shall be dismissed unless the court grants an extension for good cause." Ky. Rev. Stat. § 411.167(2)(b).

In response to the motion to dismiss, DeMarcus argued that he complied with subparagraph (2)(b) of the statute because he filed a certificate of merit within 60 days of serving the complaint. (DE 6, Response at 8.) This was the *only* argument that DeMarcus made in his

response to the motion to dismiss with regard to his failure to file the certificate of merit with the complaint. He argued the Court should deny the motion to dismiss because he "filed an Affidavit and Certificate of Merit *in compliance with KRS § 411.167(2)*." (DE 6, Response at 8) (emphasis added).

In its opinion on the motion to dismiss, the Court had to reject that argument. This is because, under the plain language of the statute, regardless of whether the certificate of merit complies with subparagraph (2)(a) or (2)(b), the certificate of merit must be filed "with the complaint." The Court noted multiple state and federal courts have held that, pursuant to the plain language of the statute, a plaintiff's failure to file a certificate of merit with the complaint warrants dismissal of claims against a healthcare provider. *See, e.g., Evans v. Baptist Health Madisonville*, 643 S.W.3d 105, 108-09 (Ky. Ct. App. 2022); *Cleaver v. S. Health Partners, Inc.*, No. 3:21-CV-747-BJB-CHL, 2022 WL 1620626, at *3 (W.D. Ky. May 23, 2022); *McWhorter v. Baptist Healthcare Sys., Inc*., No. 2021-CA-0844-MR, 2022 WL 1697666, at *1 (Ky. Ct. App. May 27, 2022), review granted (Dec. 7, 2022); *Dumphord v. Gabriel*, No. CV 5:20-461-DCR, 2021 WL 3572658, at *6 (E.D. Ky. Aug. 12, 2021).

In its opinion on the motion to dismiss, this Court also noted that Kentucky courts had ruled that a plaintiff who failed to file the certificate of merit with the complaint could file a motion to amend his complaint to attach the certificate, *Evans*, 643 S.W.3d at 109, or the plaintiff could move for an extension of time to file the certificate, showing that the failure to timely file the certificate was the result of "excusable neglect[.]" *Sanchez v. McMillin*, No. 2020-CA-0052-MR, 2022 WL 981843, at *5 (Ky. Ct. App. Apr. 1, 2022) (quoting Ky. R. Civ. P. 6.02(b)). But DeMarcus had done neither. Instead, in his response he argued only that he had complied with the statute.

Accordingly, in its prior opinion, the Court ruled that *all* of DeMarcus's claims must be dismissed at least *without* prejudice for failure to file a certificate of merit. *Evans*, 643 S.W.3d at 109 ("Therefore, we are compelled to conclude that her failure to comply with the clear requirements of KRS 411.167 warranted the trial court's decision to dismiss the action *without prejudice*.")

The Court went on to determine that DeMarcus's breach of contract claim and all but one of his claims under the Nursing Home Patients' Bill of Rights had to be dismissed *with prejudice* for reasons other than the failure to file the certificate of merit with the complaint. The only claims that the Court dismissed *without prejudice* were DeMarcus's common law negligence claim and his claim under subsection 6 of the Nursing Home Patients' Bill of Rights. These are the only claims relevant to the two Rule 59(e) motions.

II.     **Rule 59(e) Motions**

With his Rule 59(e) motion, DeMarcus now asks the Court to grant him leave to amend his complaint or grant him an extension of time to file the certificate of merit. (DE 11, Motion to Alter at 2-3.) A plaintiff cannot use a Rule 59 motion or a post-judgment Rule 15 motion "to raise arguments which could, and should, have been made before judgment issued." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

The statute at issue, Ky. Rev. Stat. 411.167, became effective June 27, 2019. If DeMarcus was unable to comply with it when he filed his complaint on January 18, 2022, he could have asked the court at that time for an extension. He certainly could have asked for the extension when the motion to dismiss raised the issue of the failure to file the certificate of merit. It is then that the Court could have considered DeMarcus's new requests to amend his complaint and for

an extension of time as well as his arguments regarding whether the defendant would be prejudiced by any extension. The Court cannot consider these arguments on a Rule 59(e) motion.

The Court may grant a Rule 59(e) motion for only limited reasons: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id*. (citation omitted).

DeMarcus argues that the motion should be granted because of an "arguably" intervening change in controlling law. (DE 11, Motion at 6.) But there has been no change in the statute since it was enacted in 2019 and no change in the relevant law. In his reply brief, DeMarcus argues that *Evans* and *Sanchez* represent a change in the law. They do not. The statute has always required that the certificate of merit be filed with the complaint. Nothing has changed about that. Neither *Evans* nor *Sanchez* altered that. Nor does *Sanchez* contradict *Evans* as DeMarcus now argues. These cases simply recognize two ways that a plaintiff could be permitted to file a certificate of merit after filing the initial complaint: 1) by moving to amend the complaint (*Evans*) and 2) by moving for an extension of time to file it (*Sanchez*).

DeMarcus argues that the Court's dismissal of the plaintiff's claims results in "manifest injustice." But, as stated above, multiple state and federal courts have determined that dismissal is the appropriate remedy when a plaintiff fails to file the certificate of merit with the complaint. In contrast, DeMarcus cites no authority that would permit the Court to accept his complaint in this scenario, and the Court has not found one. This aligns with the very purpose of the statute, which is to "require claimants to consult with an expert and affirm the validity of the claim prior to filing the action." *Sanchez*, 2022 WL 981843, at *4. The "central requirement of the statute" is "that a certificate of merit be filed at the same time as the complaint." *Dumphord*, 2021 WL 3572658, at * 5.

For all these reasons, DeMarcus's Rule 59(e) motion will be denied.

With its Rule 59(e) motion, Homestead argues that the Court erred in dismissing *without prejudice* DeMarcus's common law negligence claim and his claim under subsection 6 of the Nursing Home Patients' Bill of Rights. (DE 12, Motion at 2.) Homestead argues these two claims should have been dismissed with prejudice.

In response, DeMarcus argues that Kentucky's one-year statute of limitations for these claims has passed, meaning he cannot refile the claims. *See Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987) ("[T]he filing of a complaint which is later dismissed without prejudice for failure to perfect service does not toll the statute of limitations."); *Bomer v. Ribicoff*, 304 F.2d 427, 428 (6th Cir. 1962) ("An action dismissed without prejudice leaves the situation the same as if the suit had never been brought."); *Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983) ("It is a well recognized principle that a statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice. As regards the statute of limitations, the original complaint is treated as if it never existed.")

Thus, DeMarcus argues, whether the two claims should have been dismissed with prejudice or without is moot. Homestead filed no reply brief or otherwise presented any argument to the contrary. Accordingly, the Court will deny Homestead's Rule 59(e) motion as moot.

### III. Conclusion

For all these reasons, the Court hereby ORDERS that the parties' Rule 59(e) motions (DE 11, 12) are DENIED.

This 18th day of April, 2023.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY